## 46270. TRUST COMPANY OF GEORGIA v. GUARDIAN LIFE INSURANCE COMPANY OF AMERICA.

JORDAN, Presiding Judge. The administrator of the estate of Lester Dale Zent appeals from an adverse judgment on an action to recover the proceeds allegedly due on a life insurance policy.

The facts are stipulated. Zent was covered by an employee group term life insurance contract dated November 1, 1967, when he ceased full-time employment on January 15, 1969. The contract included a 31-day conversion privilege, and protection under the group policy during the period in the amount he could convert to an individual policy. Zent died at about 9:15 a.m. on Sunday, February 16, 1969, without having taken any action to exercise his conversion privilege. *Held:*

The conversion privilege and continuing coverage provisions of the contract clearly purport to meet the minimum time requirements of 31 days under the Georgia Insurance Code. See *Code Ann.* § 56-2704 (8, 10). In construing statutory enactments prescribing a number of days for the exercise of a privilege or discharge of a duty only the first or last day is counted, and "if the last day shall fall on Saturday or Sunday, the party having such privilege shall have through the following Monday." *Code* § 102-102 (8), as amended (Ga. L. 1958, pp. 388, 389; 1967, pp. 579, 580). In contrast to this rule for statutes as partially quoted above the general rule for contracts is that by express stipulation or reasonable construction time may be of the essence. *Code Ann.* § 20-704 (9) (Ga. L. 1964, pp. 414, 415).

Where as here the contract covers the minimum number of days required by statute we think the construction applicable to statutes necessarily governs the meaning of the contract. To do otherwise would result in construing the contract to allow a shorter period for an option than required by law. Accordingly, even though the contract may be regarded as one in which time is of the essence, the prescribed option period is one controlled by statute which was extended by operation of law through Monday, February 17, 1969. Inasmuch as Zent was insured during the option period he was insured at the time of his death about 9:15 a.m., Sunday, February 16, 1969.

In reaching the above conclusion no controlling Georgia case has come to our attention. The situation is clearly distinguishable from a situation where the time period is purely a matter of contract, in contrast to a minimum time period in a contract to allow the exercise of an option required by a statute which prescribes the minimum number of days for the exercise of the option, with a concomitant obligation on the grantor of the option. We have also examined numerous cases from other jurisdictions involving applications of common law, varying rules for the counting of days in statutes and contracts, and varying factual situations, but none of these cases discloses a situation of fact and law which we consider precisely analogous to the present case. See 2 ALR 1601; 53 ALR2d 877; and supplemental citations.

*Judgment reversed. Quillian and Evans, JJ., concur.*

ARGUED JUNE 2, 1971—DECIDED SEPTEMBER 8, 1971—
REHEARING DENIED SEPTEMBER 24, 1971—

Heyman & Sizemore, William H. Major, Lokey & Bowden,
Ralph G. McCallum, Jr., for appellant.

Hansell, Post, Brandon & Dorsey, W. Rhett Tanner, for appellee.